**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Eladio CIPRIANO and Jean Julien,**
**Defendants-Appellants.**

Nos. 83–2956, 83–2957.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 19, 1984.

Decided April 22, 1985.*

Opinion July 1, 1985.

Rehearing Denied Aug. 12, 1985.

* This appeal was originally decided by unreported order on April 22, 1985, 762 F.2d 1015. *See* Circuit Rule 35. The court has subsequently decided to issue the decision as an opinion.

Ted S. Helwig, Asst. U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Thomas J. Royce, Ltd., Chicago, Ill., for defendants-appellants.

Before WOOD, Circuit Judge, PELL, Senior Circuit Judge, and CAMPBELL, Senior District Judge.[**]

PER CURIAM.

This opinion addresses appeals by two criminal defendants from their convictions on charges of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The appellants were apprehended at Chicago's O'Hare Airport and the cocaine was found in a travel bag carried by Julien. The issues on these appeals are whether the appellants were unlawfully seized by the law enforcement officers, whether the search of the travel bag was improper, and whether the arrest of Cipriano was based on probable cause. Jurisdiction for the appeals is based on 28 U.S.C. § 1291 and is not at issue.

Prior to the trial, the defendants filed motions to suppress evidence. On June 23, 1983, after an evidentiary hearing, the district judge denied those motions. Thereafter, a non-jury trial was held based on

stipulated testimony. The district judge found both defendants guilty. Since the trial was based on stipulated testimony and no factual issues are raised on these appeals, we will not engage in a recitation of the facts, but will proceed directly to the legal issues.

■ Appellants contend that they were unlawfully seized by Officers Labik and Kinsella either at the initial encounter with them or as the result of subsequent actions by those officers. This Court has stated:

[A] person has been "seized" within the meaning of the Fourth Amendment only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave. *United States v. Black*, 675 F.2d 129, 133 (7th Cir.1982), *cert. den.*, 460 U.S. 1068, 103 S.Ct. 1520, 75 L.Ed.2d 945 (1983).

In the context of airport seizure cases, this Court has provided more specific and candid guidance:

We know from *Royer* and *Black* and a host of other airport-surveillance cases that merely accosting a person in an airport, identifying yourself as a federal agent, and asking the person whether he is willing to answer questions do not create a setting in which the average person does not feel free to thumb his nose at the agent. *United States v. Notorianni*, 729 F.2d 520, 522 (7th Cir. 1984).

Appellants have presented no facts which distinguish this case from *Notorianni*. They note that Officers Labik and Kinsella never told them they were free to leave, but no affirmative statements are required of the agents. Neither of the officers stated that the defendants were not free to leave nor did any of their actions imply such restraint. This case does not involve any of the elements of involuntary detention which were present in *Dunaway v. New York*, 442 U.S. 200, 99 S.Ct. 2248, 60

[**] The Honorable William J. Campbell, United States Senior District Judge of the Northern District of Illinois, is sitting by designation.

L.Ed.2d 824 (1979), or *Florida v. Royer*, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983). Therefore, we conclude that no seizure, prior to the announcement of the arrests, occurred in this case.

██ Appellants also contend that they did not freely consent to the search of their luggage but that they merely acquiesced to a showing of authority. However, as the case law cited above has clearly determined, there is nothing inherently coercive in an officer's identification of himself as a law enforcement agent and subsequent questioning. Since there is no evidence of involuntary detention or statements threatening restraint, there is no basis for concluding that the defendant's conduct was not free and voluntary.

██ Cipriano presents the additional argument that even after the discovery of the cocaine in Julien's purse there was no probable cause for his arrest. The standard for this determination is whether the arresting officer had knowledge of enough evidence to lead a reasonably prudent person to believe that the individual had committed or was committing a criminal act, *United States v. Fleming*, 677 F.2d 602, 605–06 (7th Cir.1982). We believe there was sufficient evidence in this case. Cipriano's association with Julien was amply demonstrated by their conduct upon disembarkation and the sequential numbering of their airline tickets. Cipriano's temporary custody of Julien's bag while talking to Billy Jones, his direction to her to sit down, and his possession of the plastic bags clearly indicated his participation, if not leadership, in the criminal activity. Furthermore, his spontaneous statement to Officer Labik that he did not know Julien was obviously false. That denial, in conjunction with other conduct would lead a reasonable person to believe, after discovery of the cocaine, that he had knowledge of the illicit substance in Julien's possession. Thus, we conclude that there was probable cause for the arrest of Cipriano.

For the reasons stated above, the convictions are AFFIRMED.